IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH RAY BROOKS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv607 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kenneth Ray Brooks, Jr., an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On February 8, 2018, following a plea of guilty pursuant to a written plea agreement before the 253rd Judicial District Court for Liberty County, Texas, petitioner was convicted of possession of a controlled substance enhanced with two prior felony convictions. Petitioner was sentenced to a term of imprisonment for ten (10) years.

Petitioner waived his right to file a direct appeal. Petitioner did, however, file a state application for writ of habeas corpus challenging his conviction. The state application was denied without written order by the Texas Court of Criminal Appeals based on the findings of the trial court without a hearing on November 13, 2019.

The Petition

Petitioner filed this petition for writ of habeas corpus asserting the following grounds for review: (1) he was denied the effective assistance of counsel when counsel failed to file a motion to suppress evidence; (2) he was denied the effective assistance of counsel when counsel failed to

quash the indictment; (3) he was denied the right to a grand jury indictment for the charged offense; and (4) his plea of guilty was involuntary.

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent denies all of petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The respondent contends petitioner's plea of guilty was entered voluntarily and knowingly and his claims of ineffective assistance of counsel fail. Additionally, the respondent asserts that petitioner's grounds were waived by the voluntary plea of guilty. Further, the respondent contends the petition should be dismissed because petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the respondent asserts that the petition should be denied and dismissed with prejudice.

## State Court Findings and Conclusions

On state habeas corpus review, the court made the following findings of fact and conclusions of law:

### *Findings of Fact*

1. The 75th District Court of Liberty County, Texas appointed Ima Turner, a licensed attorney in the State of Texas, to represent Applicant on February 6, 2019.

2. The State charged Applicant with Possession of a Controlled Substance, Penalty Group 2, less than a gram by Complaint and Information.

3. Trial counsel fully advised Applicant of the protections afforded to him by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. Trial counsel fully informed Applicant of his right to conduct pre-trial discovery before disposing of his case.

5. Trial counsel advised Applicant that she would rather delay disposition and to allow her to further investigate possible violations of Applicant's rights guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

6. Applicant insisted on resolving his case before indictment and without further investigation by trial counsel.

7. Applicant's trial counsel could not file a Motion to Suppress or Motion to Quash as no indictment had been returned prior to Applicant's insistence on pleading by Complaint and Information.

8. The Complaint and Information contained an enhancement and a habitual paragraph alleging that on two prior occasions Applicant was sequentially convicted of felony offenses other than a State Jail Felony.

9. Trial counsel did not advise Applicant that the evidence seized in his case was legally obtained.

10. Applicant was advised of and freely and voluntarily waived his right to an indictment.

11. Applicant was advised of and freely and voluntarily waived his right to conduct pre-trial discovery.

12. Applicant was advised of and freely and voluntarily waived the protections afforded to him by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

13. Applicant pleaded guilty pursuant to an agreed punishment recommendation from the State of Texas on February 8, 2019.

14. Applicant freely and voluntarily admitted his guilt in writing and in open court.

15. Applicant freely and voluntarily pleaded true to the enhancement and habitual paragraphs.

16. Applicant freely and voluntarily waived his right to a jury trial in writing and in open court.

17. Applicant freely and voluntarily waived his right to the appearance, confrontation, and cross-examination of witnesses as well as compulsory process in writing and in open court.

18. The facts stated in Applicant's Application for Writ of Habeas Corpus and his supplement are not credible.

19. Trial counsel's affidavits are credible.

*Conclusions of Law*

1. Applicant failed to meet the first prong of *Strickland. See, Strickland v. Washington*, 466 U.S. 668 (1984).

2. Applicant failed to meet the second prong of *Strickland. Id.; See also Tong v. State,* 25 S.W.3d 707 (Tex. Crim. App. 2000).

3. Applicant's trial counsel was not ineffective for failing to file a Motion to Quash the Indictment because Applicant was never indicted.

4. The grade of Applicant's offense was a second-degree felony because on two prior occasions Applicant was sequentially convicted of felony offenses other than a State Jail Felony.

5. The Indictment Clause of the Fifth Amendment to the United States Constitution is not incorporated against the states, *Hurtado v. California,* 110 U.S. 516 (1884), therefore Applicant was not denied that right.

6. Applicant's waiver of indictment was freely and knowingly made.

7. Applicant's guilty plea was freely and knowingly made.

State Habeas Corpus Record (SHCR), ECF No. 13-2 at *92-94.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the State court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal

habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full

and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

Analysis

I.   *Guilty Plea*

In this case, petitioner pleaded guilty to the charges against him. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266. Thus, after a plea of guilty in open court, the defendant may only attack the voluntary and intelligent character of the guilty plea by showing the advice he received from counsel "was not within the range of competence demanded of attorneys in criminal cases." *Id.*

A federal court will uphold a guilty plea or a plea of *nolo contendere* in a habeas corpus proceeding if the plea was entered knowingly, voluntarily, and intelligently. *See Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). For a plea to be intelligently and knowingly entered, the defendant must understand both the true nature of the charge against him and the consequences of the plea. *United States v. Briggs,* 939 F.2d 222, 227 (5th Cir. 1991).

When determining whether a plea was voluntary and intelligent the critical issue is "whether the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect." *James*, 56 F.3d at 666. "As long as the defendant understands the length of time he might possibly receive, he is fully aware of the consequences of his plea." *Spinelli v. Collins,* 992 F.2d 559, 561 (5th Cir. 1993). When "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, that plea should be upheld on federal review." *Diaz v. Martin,* 718 F.2d 1372, 1376-77 (5th Cir. 1983).

On habeas review, the state court made the following findings and conclusions with respect to petitioner's claims asserted against counsel:

### *Findings of Fact*
. . .

3. Trial counsel fully advised Applicant of the protections afforded to him by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. Trial counsel fully informed Applicant of his right to conduct pre-trial discovery before disposing of his case.

5. Trial counsel advised Applicant that she would rather delay disposition and to allow her to further investigate possible violations of Applicant's rights guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

6. Applicant insisted on resolving his case before indictment and without further investigation by trial counsel.

7. Applicant's trial counsel could not file a Motion to Suppress or Motion to Quash as no indictment had been returned prior to Applicant's insistence on pleading by Complaint and Information.

8. The Complaint and Information contained an enhancement and a habitual paragraph alleging that on two prior occasions Applicant was sequentially convicted of felony offenses other than a State Jail Felony.

9. Trial counsel did not advise Applicant that the evidence seized in his case was legally obtained.

10. Applicant was advised of and freely and voluntarily waived his right to an indictment.

11. Applicant was advised of and freely and voluntarily waived his right to conduct pre-trial discovery.

12. Applicant was advised of and freely and voluntarily waived the protections afforded to him by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

13. Applicant pleaded guilty pursuant to an agreed punishment recommendation from the State of Texas on February 8, 2019.

14. Applicant freely and voluntarily admitted his guilt in writing and in open court.

15. Applicant freely and voluntarily pleaded true to the enhancement and habitual paragraphs.

16. Applicant freely and voluntarily waived his right to a jury trial in writing and in open court.

17. Applicant freely and voluntarily waived his right to the appearance, confrontation, and cross-examination of witnesses as well as compulsory process in writing and in open court.

18. The facts stated in Applicant's Application for Writ of Habeas Corpus and his supplement are not credible.

19. Trial counsel's affidavits are credible.

### *Conclusions of Law*

1. Applicant failed to meet the first prong of *Strickland. See, Strickland v. Washington*, 466 U.S. 668 (1984).

2. Applicant failed to meet the second prong of *Strickland. Id.; See also Tong v. State,* 25 S.W.3d 707 (Tex. Crim. App. 2000).

3. Applicant's trial counsel was not ineffective for failing to file a Motion to Quash the Indictment because Applicant was never indicted.

4. The grade of Applicant's offense was a second-degree felony because on two prior occasions Applicant was sequentially convicted of felony offenses other than a State Jail Felony.

5. The Indictment Clause of the Fifth Amendment to the United States Constitution is not incorporated against the states, *Hurtado v. California,* 110 U.S. 516 (1884), therefore Applicant was not denied that right.

6. Applicant's waiver of indictment was freely and knowingly made.

7. Applicant's guilty plea was freely and knowingly made.

State Habeas Corpus Record (SHCR), ECF No. 13-2 at *92-94.

A review of the record reveals that petitioner signed written plea admonishments in this case acknowledging his understanding of the charges against him and the range of punishment he faced. *See* SHCR, ECF No. 13-2 at 10-12. Petitioner also affirmed that he understood his rights associated with trial and was willingly waiving those rights. Additionally, the admonishments were signed by counsel and certified that petitioner was legally competent to stand trial; that all of his statements were freely, voluntarily, and knowingly made; that his plea was freely, voluntarily, and knowingly entered and that he was aware of the consequences of his plea. Further, petitioner independently

waived any additional time for counsel to prepare for trial and waived his right to grand jury indictment. Finally, petitioner was advised of his rights, the charges against him, the range of punishment, the plea agreement, and the waivers, and petitioner confirmed his understanding and the voluntariness of his actions in open court. *See* SHCR, ECF No. 13-2 at *158-180.

"'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)). "[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the plea. *Id.* "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [applicable] standards...." *Tollett*, 411 U.S. at 267.

In light of the statements in the written admonishments, and the statements made on the record, it cannot be concluded that his plea was involuntary. The record demonstrates petitioner was aware of the charges against him and understood what punishment could be imposed if his plea was accepted. As a result, petitioner's plea was knowing, voluntary and intelligent. Consequently, petitioner has waived all nonjurisdictional derivations that occurred prior to the guilty plea. Thus, it follows that his claims of ineffectiveness unrelated to the guilty plea are waived and should be dismissed. Accordingly, petitioner's claims asserted in his remaining grounds for review are waived by his plea of guilty. Moreover, petitioner's remaining grounds are without merit for the reasons set forth in the following sections below.

The Texas Court of Criminal Appeals rejected petitioner's claims on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding his claim and has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's performance was constitutional or that his plea of guilty was voluntary. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's grounds for relief should be denied and dismissed.

*II.   Ineffective Assistance of Counsel*

In petitioner's remaining claims of ineffective assistance of counsel, petitioner claims counsel was ineffective for failing to file a motion to suppress evidence and failing to quash the indictment, and he claims he was denied the right to a grand jury indictment for the charged offense.

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

"To show deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). "Counsel's performance is judged based on prevailing norms of practice, and judicial scrutiny of counsel's performance must be highly deferential to avoid

10

'the distorting effects of hindsight.'" *Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2015) (quoting *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009)). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871 ,876 (5th Cir. 1989).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington*, 562 U.S. at 111. "Prejudice in the state sentencing context turns on whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been significantly less harsh." *Charles v. Thaler*, 629 F.3d 494, 499 (5th Cir. 2011) (internal quotations omitted).

A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the Court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of

an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

As set forth above, the state habeas court found that petitioner insisted on resolving his case before indictment and without further investigation by trial counsel, trial counsel could not file a Motion to Suppress or Motion to Quash as no indictment had been returned prior to petitioner's insistence on pleading by Complaint and Information, trial counsel did not advise him that the evidence seized in his case was legally obtained, and that petitioner was advised of and freely and voluntarily waived his right to an indictment.

The Texas Court of Criminal Appeals rejected petitioner's claims on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding his claim of showing counsel's performance was deficient. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's performance was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's grounds for relief should be denied.

## Recommendation

The above-styled petition for writ of habeas corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 9th day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge